## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| KAITLYNN H., | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | )   No. 1:23-cv-00429-SDN |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       **Defendant** | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in her evaluation of medical opinion evidence. *See* Plaintiff's Brief (ECF No. 13) at 1. I discern no error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The Plaintiff applied for benefits in August 2021, alleging a disability onset date of February 28, 2020,[1] based upon limitations caused by attention deficit hyperactivity disorder (ADHD), bipolar disorder, major depressive disorder, and borderline personality disorder. *See* Record at 208-24, 241. After her claims were denied at the initial and reconsideration levels, the Plaintiff requested a hearing before an ALJ. *See id.* at 80-115, 142-44. That hearing took place on February 24, 2023, *see id.* at 35-58, following which the ALJ issued a written decision finding that

---

[1] Although at hearing the Plaintiff amended her alleged onset date to February 2, 2020, *see id.* at 39, the ALJ based her decision on the original alleged onset date of February 28, 2020, *see id.* at 18. This discrepancy does not alter my analysis or recommendation.

1

the Plaintiff suffered from the severe impairments of personality disorder, mood disorder, anxiety disorder, ADHD, and post-traumatic stress disorder (PTSD), *see id.* at 20.  Considering those impairments, the ALJ found that the Plaintiff had the residual functional capacity (RFC) "to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand and remember simple instructions and perform simple tasks; she cannot work with the public; and she can adapt to simple changes in the work environment." *Id.* at 22. The ALJ concluded that the Plaintiff could not return to her past relevant work but that she could perform other jobs existing in significant numbers in the national economy and was therefore not disabled.  *See id.* at 27-29.  The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the Commissioner's final determination, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).  Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings.  *See Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).  If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result.  *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991).  But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff contends that the ALJ erroneously evaluated the opinions of mental health provider Vicky Packard, PMHNP-BC, as well as agency psychological consultants Brian Stahl, Ph.D., and Leigh Haskell, Ph.D. *See* Plaintiff's Brief at 8. Specifically, the Plaintiff asserts that the ALJ's findings regarding those opinions were unsupported by substantial evidence and she failed to adequately evaluate their supportability and consistency. *See id*; 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).

The ALJ found NP Packard's opinion unpersuasive because it "overstate[d] the [Plaintiff's] limitations" and indicated a "level of impairment . . . not supported by the evidence, including [NP] Packard's own records reflecting generally benign mental status examinations and reports of improved symptoms with treatment." Record at 26. The ALJ further noted that the Plaintiff's "mental status examinations demonstrate[d] largely unremarkable findings;" she "report[ed] improved symptoms with medication;" and she could "travel, maintain relationships with others, live independently, take care of pets, and perform on stage." *Id.*

Correspondingly, the ALJ found Dr. Stahl's and Dr. Haskell's less restrictive mental assessments persuasive because they were "supported by the [Plaintiff's] mental status examinations overall," which showed that she "consistently present[ed] as alert, pleasant, and cooperative, and her memory, concentration, and judgment [were] all within normal limits"; her impairments "responded well to medication and

3

therapy and ha[d] not required advanced care"; and finally, she "retaine[d] sufficient functioning to complete her activities of daily living, maintain relationships with family and friends, participate in Dungeons and Dragons events, and perform on stage."  *Id.*

The Plaintiff first argues that the ALJ's findings regarding the persuasiveness of NP Packard's, Dr. Stahl's, and Dr. Haskell's opinions are not supported by substantial evidence.  *See* Plaintiff's Brief at 8-11.  In an attempt to undermine these findings, the Plaintiff asserts that the ALJ improperly relied on medical evidence predating the amended alleged onset date, and points to evidence in NP Packard's treatment records and the Plaintiff's own testimony that, according to her, support the more restrictive limitations in NP Packard's opinion.[2]  *Id.*

I find these points unavailing.  As a threshold matter, the ALJ was required to evaluate "all evidence in [the] case record," even if it predated the Plaintiff's amended alleged onset date of February 2, 2021.  20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3).  NP Packard stated in her opinion that she first treated the Plaintiff in 2015, and the symptoms and limitations described therein had appeared two years prior; accordingly, it was entirely proper for the ALJ to consider evidence from that period

---

[2] The Plaintiff also challenges the ALJ's citation to the treatment records of Michael Dufresne, M.D., as evidence of the Plaintiff's "generally benign mental status examinations" with "largely unremarkable findings." Plaintiff's Brief at 10. These records, the Plaintiff argues, cannot constitute substantial evidence to support the ALJ's evaluation of the opinion evidence because they include no mental health findings beyond describing the Plaintiff's psychiatric condition during appointments as "normal." *Id.* This argument fails because the ALJ did not rely exclusively on these records, but cited them as one of several factors supporting her findings and RFC determination. *See* Record at 26; *cf. Coskery v. Berryhill*, 892 F.3d 1, 7-8 (1st Cir. 2018) (concluding that an ALJ's determination that the plaintiff could perform light work was supported by substantial evidence where evidence of his "daily activities was only one of several factors that the ALJ considered, and ultimately, it [was] the entire record . . . that led the ALJ to conclude that [he] [was] not disabled" (cleaned up)).

in her evaluation of the relevant medical opinions. *See* Record at 1099; *cf. Nathaniel M. v. Kijakazi*, No. 1:22-cv-00237-LEW, 2023 WL 4145043, at *4-5 (D. Me. June 23, 2023) (rec. dec.) (vacating an ALJ's decision and remanding the case where the ALJ downplayed a psychological report that predated the alleged disability onset date, even though the evidence had already been considered in a prior, administratively final decision, because it was material to the claimant's mental function during the relevant period), *aff'd*, 2023 WL 6390627 (D. Me. Oct. 2, 2023).

Moreover, the Plaintiff cannot undermine the ALJ's finding that NP Packard's opinion was unsupported by her own treatment notes solely by emphasizing excerpts from that evidence that might support a different conclusion. *See Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019). This is especially true where the Plaintiff fails to meaningfully engage with the ALJ's extensive discussion of her treatment records and testimony or the ALJ's ultimate conclusion that the mental status examinations of record contained "largely unremarkable" findings overall. *See* Record at 22-27; *see also West v. Berryhill*, No. 17-1170, 2017 WL 6499834, at *1 (1st Cir. Dec. 11, 2017) ("[T]he court considers the ALJ's decision as whole when determining whether substantial evidence supported the ALJ's findings.").

The ALJ was also not required to take the Plaintiff's testimony at face value,

5

and reasonably weighed it against other evidence indicating that she was, in fact, more functional than alleged. *See* Record at 22-27; 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ explicitly observed that the Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms" were "inconsistent with the evidence of record," Record at 23, which "show[ed] that she engage[d] in numerous activities, including Dungeons and Dragons events and talent shows," *id.* at 26, and that she was "able to take care of her dogs and rabbits, attend to her personal care needs, prepare meals, attend medical appointments, complete household chores, drive a car, go shopping, manage finances, read, write, play computer games, and socialize with friends and family," *id*; *see also Nicolas D. v. O'Malley*, No. 2:22-cv-00354-JDL, 2023 WL 8867881, at *2, 4 (D. Me. Dec. 22, 2023) (rec. dec.) (affirming an agency decision where the claimant merely asserted "that the ALJ wrongly deemed his activities of daily living inconsistent" with a medical opinion and "fail[ed] to come to grips with the ALJ's detailed discussion of his daily activities and medical records"), *aff'd*, 2024 WL 729708 (D. Me. Feb. 22, 2024).

The Plaintiff's second argument—that the ALJ failed to adequately evaluate the supportability and consistency of NP Packard's, Dr. Stahl's, and Dr. Haskell's medical opinions—also misses the mark. *See* Plaintiff's Brief at 11-12; 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The Plaintiff asserts that the ALJ erred by omitting any specific evaluation of (1) the reasoning NP Packard provided in her opinion to support the limitations identified therein, or her opinion regarding the Plaintiff's likely time off-task and absences, and (2) the explanations Dr. Stahl and

Dr. Haskell offered in support of their opinions.  *See* Plaintiff's Brief at 11-12.

However, NP Packard did not offer a specific opinion about the Plaintiff's likely time-off task, *see* Record at 1095-1100, and the ALJ expressly explained in her decision that NP Packard's opinion regarding the Plaintiff's likely absences from work overstated her limitations and was neither supported by nor consistent with record evidence, including NP Packard's own treatment notes, *see id.* at 26, 1099.  Moreover, the ALJ was not obligated to provide a detailed evaluation of every statement in NP Packard's opinion. *See* 20 C.F.R. §§ 404.1520c(b)(1) ("[I]t is not administratively feasible . . . to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in [the] case record."), 416.920c(b)(1) (same); *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5858  (Jan. 18, 2017) (explaining that the agency employs a "reasonable articulation standard determinations . . . that does not require written analysis about how we consider each piece of evidence").

The Plaintiff's challenge to the ALJ's evaluation of Dr. Stahl's and Dr. Haskell's opinions fails for the same reasons.  In her decision, the ALJ stated that she found Dr. Stahl's and Dr. Haskell's opinions persuasive because they were supported by the Plaintiff's largely benign mental status examinations, positive response to medication and therapy, and ability to "complete her activities of daily living, maintain relationships with family and friends, participate in Dungeons and Dragons events, and perform on stage." Record at 26.  The ALJ thoroughly discussed

7

the case record, *see id.* at 23-26, and explained which evidence supported Dr. Stahl's and Dr. Haskell's opinions, *id.* at 26, "which indicates clearly enough—even if she did not explicitly use the word 'consistency'—that she found the opinion[s] []consistent with the evidence." *Kyle K. v. O'Malley*, No. 2:23-cv-00044-JAW, 2024 WL 356910, at *3 (D. Me. Jan. 31, 2024) (rec. dec.), *aff'd*, 2024 WL 1092998 (D. Me. Mar. 13, 2024).

At bottom, the Plaintiff's arguments are simply an improper request of the Court to reweigh the evidence and reach a different conclusion. *See Becky K. G. v. Saul*, No. 1:20-cv-00089-GZS, 2020 WL 7418974, at *5 (D. Me. Dec. 17, 2020) (rec. dec.) ("That the record could arguably support a different conclusion does not entitle the plaintiff to remand; it is for the ALJ, not the court, to draw conclusions from the evidence and to resolve any conflicts therein."), *aff'd*, 2021 WL 66609 (D. Me. Jan. 7, 2021).

## IV.  Conclusion

Accordingly, I recommend that the Commissioner's decision be ***AFFIRMED***.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: December 4, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge